IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MINERVA DAIRY, INC., and ADAM MUELLER,

    Plaintiffs,

v.

BEN BRANCEL, BRAD SCHIMEL, and
PETER J. HAASE,

    Defendants.

OPINION & ORDER

17-cv-299-jdp

---

Plaintiff Minerva Dairy, Inc., under its president, plaintiff Adam Mueller, produces Amish butter and cheese in small, artisanal batches at its Ohio dairy. It filed this lawsuit against several Wisconsin officials challenging the constitutionality of Wis. Stat. § 97.176, which requires all butter offered for sale within Wisconsin to be graded by the U.S. Department of Agriculture or a Wisconsin-licensed butter grader. Minerva Dairy alleges that this statute effectively bars it from selling its butter in Wisconsin because USDA graders are prohibitively expensive and dairies outside Wisconsin are ineligible to have their butter graded onsite by Wisconsin-licensed butter graders. It claims that the statute violates the Commerce Clause, Equal Protection Clause, and Due Process Clause of the U.S. Constitution. Minerva Dairy seeks preliminary injunctive relief under Federal Rule of Civil Procedure 65. Dkt. 9. Specifically, it asks the court to enjoin defendants from enforcing § 97.176.

A preliminary injunction is "an extraordinary and drastic remedy" that may be granted only when the movant carries the burden of persuasion by a *"clear showing." Boucher v. Sch. Bd.*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain injunctive relief, Minerva Dairy must demonstrate that (1) it will suffer irreparable

harm before the final resolution of its claims without the preliminary injunction; (2) traditional legal remedies are inadequate; and (3) its claims have some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015). If Minerva Dairy makes this threshold showing, it must further demonstrate that the balance of harms tips in its favor and that the public interest favors the injunction. *Id.* at 324. No party seeks an evidentiary hearing, and the material facts are undisputed. Because Minerva Dairy has not demonstrated that it will suffer irreparable harm absent the injunction, the court will deny its motion.

Minerva Dairy identifies lost profits as its irreparable harm. Lost profits usually do not constitute irreparable injury. *See Downstate Stone Co. v. United States*, 651 F.2d 1234, 1241 (7th Cir. 1981). But here, sovereign immunity would preclude any recovery of damages from defendants, who are being sued in their official capacities. *See Cmty. Pharmacies of Ind., Inc. v. Ind. Family & Soc. Servs. Admin.*, 801 F. Supp. 2d 802, 806-07 (S.D. Ind. 2011); *Wisconsin v. Stockbridge-Munsee Cmty.*, 67 F. Supp. 2d 990, 1019-20 (E.D. Wis. 1999). In other words, whatever profits Minerva Dairy loses during the pendency of this suit can never be recovered. The harm would be therefore irreparable.

But Minerva Dairy has not shown that it will be forced to lose profits during the pendency of this suit. Michael Pederson, the Food Sanitarian-Grader for the Wisconsin Department of Agriculture, Trade, and Consumer Protection, stated in a June 28, 2017 declaration that any "employee from any butter producer in any state can apply to be a licensed Wisconsin butter grader." Dkt. 20, ¶ 14. In other words, Minerva Dairy need not lose any profits; it can start selling its butter in Wisconsin as soon as it gets one of its employees licensed for a mere $75. *Id.*

Minerva Dairy argues that as an out-of-state dairy, it cannot get its butter graded by a Wisconsin-licensed butter grader, contrary to Pederson's declaration. It adduces its counsel's declaration that during a March 29, 2017 phone call, Pederson explained that "the Department does not allow Wisconsin-licensed graders to grade butter at out-of-state facilities." Dkt. 22, ¶ 5. It also adduces the Department's website, *Getting Started with Food, Dairy and Recreational Licensing*, which prompts the user to indicate the Wisconsin county where their business is located to obtain "fast and accurate information from the Department's licensing specialists."[1] It complains that Pederson's declaration is a "litigation-prompted change of heart" and questions whether "Wisconsin has *ever* licensed a butter grader for work at an out-of-state facility." Dkt. 23, at 6. Pederson says that he simply misunderstood counsel's question during the March phone call, and that individuals who are licensed as Wisconsin butter graders have always been able to live and work in other states. But even if Pederson changed the policy in response to this lawsuit, and even if no out-of-state employee has ever obtained a Wisconsin butter-grader license, the undisputed facts indicate that as of this moment, Minerva Dairy employees can become licensed Wisconsin butter graders so that Minerva Dairy can sell its butter in Wisconsin. All it takes is $75. And $75 does not amount to irreparable harm.

Minerva Dairy makes a separate argument that "the deprivation of its constitutional rights . . . plainly constitutes irreparable harm."[2] *Id.* at 18. A continuing constitutional violation may constitute proof of irreparable harm. *See Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th

---

[1] https://datcp.wi.gov/Pages/Licenses_Permits/FoodRecLicenseGeneral.aspx.

[2] It also argues that if Pederson is telling the truth, "the time and costs associated with independently grading each slow-churned batch [of Amish butter] would make the process cost-prohibitive." *Id.* at 15. But it adduces no evidence in support of this argument, so the court will give it no weight.

Cir. 1978). But not in every case.[3] Although Minerva Dairy brings constitutional claims under the Commerce Clause, Equal Protection Clause, and Due Process Clause, its allegations concern a very different type of harm than the cases it cites in support of its argument.[4] Not every allegation of a constitutional violation automatically fulfills the irreparable harm prong of the preliminary injunction analysis. Minerva Dairy has not explained why its allegations of lost profits—or, more to the point, expending $75—should receive this special treatment. Minerva Dairy has not shown that it will suffer irreparable harm, so the court will deny its motion for preliminary injunction.

---

[3] *See, e.g.*, *Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014) (concluding that a prisoner did not show irreparable harm stemming from an alleged Eighth Amendment violation); *see also Back v. Carter*, 933 F. Supp. 738, 754 (N.D. Ind. 1996) (reasoning that continuing constitutional violations may not constitute irreparable harm when only monetary damages are alleged).

[4] *See Preston*, 589 F.2d 300 (finding irreparable harm when plaintiff prisoners were confined to their cells 24 hours a day and were not permitted to take showers or phone calls for months); *Baskin v. Bogan*, 983 F. Supp. 2d 1021, 1028 (S.D. Ind. 2014) (finding irreparable harm when plaintiff, facing the final stage of ovarian cancer, risked "pass[ing] away without enjoying the dignity that official marriage status confers" because Indiana refused to recognize her out-of-state same-sex marriage). *But see GoodCat, LLC v. Cook*, 202 F. Supp. 3d 896, 918 (S.D. Ind. 2016) (concluding, without analysis, that plaintiff's Commerce Clause and Due Process Clause challenges to Indiana's e-cigarette regulations proved irreparable harm).

ORDER

IT IS ORDERED that plaintiffs Minerva Dairy, Inc., and Adam Mueller's motion for preliminary injunction, Dkt. 9, is DENIED.

Entered August 18, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge